UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Danny Freeman,

      Plaintiff,

    v.                                      Case No. 1:05cv179

The Cincinnati Gas & Electric Co.,          Judge Michael H. Watson

      Defendant.

----

## MEMORANDUM OPINION AND ORDER

----

      This matter is before the Court upon Defendant's Motion to Dismiss. (Doc. 4) Plaintiff has filed a Response in Opposition (Doc. 9), and Defendant has filed a Reply. (Doc. 10) This matter is now ripe for review.

      Plaintiff Danny Freeman has brought suit against Defendant Cincinnati Gas & Electric Co. under the "citizen suit" provision of the Clean Air Act ("CAA"), which authorizes a private citizen to bring suit "against any person . . . who is alleged to have violated or to be in violation of . . . an emission standard or limitation under this Act." 42 U.S.C. § 7604(a)(1). Plaintiff has also alleged state law claims of nuisance under Ohio Revised Code Chapter 3767 and trespass. Plaintiff's claims are based on Defendant's operation of its coal-fired generating station, known as the Zimmer Station, located in Moscow, Ohio.

## I.    ARGUMENTS OF THE PARTIES

      Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for three reasons: (1) Plaintiff's Complaint is based upon alleged violations occurring more than five years before it was filed on March 18, 2005; (2)

Plaintiff cannot base a claim on a proposed Title V air permit; and (3) Plaintiff cannot base claims on O.A.C. §§ 3745-15-07 and 3745-15-06 because they lack specific, quantifiable standards.

Plaintiff argues that the five-year period for assessing penalties begins on January 17, 2000 because the statute of limitations was tolled during the sixty-day notice period. Plaintiff argues that the acts and omissions he has alleged violate the proposed Title V permit also violate the various laws and statutes referenced in the permit. Therefore, Plaintiff argues, there is an independently sufficient allegation of violations. Finally, Plaintiff argues that O.A.C. § 3745-15-07 is enforceable because it is included in Ohio's State Implementation Plan ("SIP"), and O.A.C. § 3745-15-06 is enforceable because Plaintiff's allegation is that Defendant failed to report a malfunction, of which there is objective evidence.

## II.   ANALYSIS

### A.   Motion to Dismiss Standard.

The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 592 (S.D.Ohio 2002). A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United*

2

*States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, it appears that Defendant's motion attacks the sufficiency of the pleadings, and is therefore a facial attack.

**B.    Statute of Limitations.**

The five-year statute of limitations found in 28 U.S.C. § 2462 applies to claims under the CAA.[1] However, under the CAA, "[n]o action may be commenced prior to 60 days after the plaintiff has given notice of the violation to the Administrator [of the EPA], to the State in which the violation occurs, and to any alleged violator." 42 U.S.C. § 7604(b)(1)(A).

This Court has previously found that the five-year statute of limitations is tolled sixty days before the filing of the complaint due to the mandated sixty-day notice period. *Frilling v. Honda of America Mfg., Inc.*, 1996 WL 1619348, *9 (S.D.Ohio 1996), *citing*, *Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517, 1523-24 (9th Cir. 1987); *see also Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York*, 244 F.Supp.2d 41, 50, n.9 (N.D.N.Y. 2003) (tolling the statute of limitations during the statutorily-mandated sixty-day notice period); *Community Ass'n for Restoration of Environment (CARE) v. Sid Koopman Dairy*, 54 F.Supp.2d 976, 983 (E.D.Wash. 1999) (same). Therefore, conduct before January 17, 2000 is barred by the statute of limitations.

Plaintiff argues that Defendant's conduct before January 17, 2000 is relevant as part of a continuing pattern of conduct. This argument has been rejected by this Court

---

[1]The statute provides:

Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

3

previously.  *See U.S. v. American Elec. Power Service Corp.*, 137 F.Supp.2d 1060, 1067 (S.D.Ohio 2001).  However, as this Court has recognized, 28 U.S.C. § 2462, by its terms, applies only to suits for civil penalties, and statutes of limitations historically do not control measures of equitable relief.  *Id.* at 1067-68, *citing*, *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946).  Accordingly, Plaintiff's claim for injunctive relief is not barred to the extent that it is based on conduct occurring outside the statute of limitations.[2]  However, to the extent that Plaintiff's CAA claims are based on conduct before January 17, 2000, Defendant's Motion to Dismiss is GRANTED.

### C.     Proposed Title V air permit.

Title V of the CAA requires operators of major stationary sources of air pollution to obtain operating permits.  42 U.S.C. §§ 7661a(a), 7661c(a).  Sources subject to Title V may not operate without, or in violation of, an operating permit.  42 U.S.C. § 7661a(a).

Plaintiff has not cited to any caselaw or section of the CAA or its regulations which state that a proposed permit is legally enforceable.  Defendant points out that the Ohio EPA issued a final Title V permit for the Zimmer Station on November 18, 2004, and the permit became effective on January 3, 2005.  Plaintiff's claim that Defendant has operated in violation of its permit can only be premised upon conduct which occurred after the January 3, 2005 effective date.  Therefore, to the extent that Plaintiff's claim is based upon conduct before January 3, 2005, Defendant's Motion to Dismiss is GRANTED.

### D.     Claims based on O.A.C. §§ 3745-15-07 and 3745-15-06.

---

[2]However, this Court held that, whether the plaintiff's demand for injunctive relief constitutes a penalty, thereby making it subject to the limitations period, must await resolution on the merits. *United States of America v. American Electric Power Service Corp.*, 137 F.Supp.2d at 1068.

Citizen suits under 42 U.S.C. § 7604(a)(1) may be based upon a violation of an "emission standard or limitation under this chapter," which is defined as:

> (1) a schedule or timetable of compliance, emission limitation, standard of performance or emission standard,
>
> (2) a control or prohibition respecting a motor vehicle fuel or fuel additive, or
>
> (3) any condition or requirement of a permit under part C of subchapter I of this chapter (relating to significant deterioration of air quality) or part D of subchapter I of this chapter (relating to nonattainment),, section 7419 of this title (relating to primary nonferrous smelter orders), any condition or requirement under an applicable implementation plan relating to transportation control measures, air quality maintenance plans, vehicle inspection and maintenance programs or vapor recovery requirements, section 7545(e) and (f) of this title (relating to fuels and fuel additives), section 7491 of this title (relating to visibility protection), any condition or requirement under subchapter VI of this chapter (relating to ozone protection), or any requirement under section 7411 or 7412 of this title (without regard to whether such requirement is expressed as an emission standard or otherwise); or
>
> (4) any other standard, limitation, or schedule established under any permit issued pursuant to subchapter V of this chapter or under any applicable State implementation plan approved by the Administrator, any permit term or condition, and any requirement to obtain a permit as a condition of operations.

42 U.S.C. § 7604(f).

Defendant argues that Plaintiff cannot base claims on O.A.C. §§ 3745-15-07 and 3745-15-06 because they lack specific, quantifiable standards.  Defendant relies on this Court's decision in *Helter v. AK Steel Corporation*, No. C-1-96-527, 1997 U.S. Dist. LEXIS 9852 (S.D. Ohio Mar. 31, 1997) (unpublished).  In *Helter*, this Court noted that O.A.C. § 3745-15-07 declared the emission or escape of smoke, ashes, gases, vapors, odors or any other substance which endangered the health, safety or welfare of the public a public nuisance.  *Id.* at *20.  This Court explained that "[c]ourts that have considered the issue

5

have concluded that violations of vague emissions prohibitions . . . are not subject to redress by means of a citizen suit." *Id.* (footnote omitted).  The court cited to *Satterfield v. J.M. Huber Corp.*, 888 F.Supp. 1561 (N.D. Ga. 1994), which held that general nuisance standards are not susceptible to citizen suit enforcement.  This Court distinguished the decision in *Save Our Health Organization v. Recomp of Minnesota*, 37 F.3d 1334 (8th Cir. 1994) by stating that the odor nuisance restrictions at issue in that case included limitations by "odor units." *Id.*  This Court concluded that since O.A.C. § 3745-15-07 contained "no specific standard or limitation for an odor nuisance or for any other form of nuisance," the plaintiffs' CAA claim was dismissed. *Id.* at *20-21.

However, in *PUD No.1 of Jefferson County v. Washington Department of Ecology*, the Supreme Court held that open-ended qualitative criteria under the Clean Water Act could be enforced.  511 U.S. 700, 716 (1994).  The Court specifically rejected the argument that water quality standards could only be enforced where they are defined by numerical criteria. *Id.*  In *Northwest Environmental Advocates v. City of Portland*, 56 F.3d 979, 980 (9th Cir. 1995) (*NEA II*), the Ninth Circuit recognized that in *Jefferson County*, "the Supreme Court held that the Clean Water Act allows States to enforce the broad narrative criteria contained in water quality standards." *Id.* at 987.  The court rejected the notion that a citizen suit may only enforce quantitative or numerical standards. *Id.* at 988.[3]  These two cases have been relied on by other district courts in rejecting the argument that open-

---

[3]The court explained that even though *Jefferson County* addressed the authority of States, not citizens, to enforce the narrative conditions of the Clean Water Act, there was nothing in the language of the Act, its legislative history, or the implementing regulations which would prohibit citizens from enforcing the same conditions of a certificate or permit that a State may enforce. 56 F.3d at 988.

ended regulations are unenforceable through citizen suits. *See, e.g. United States v. City of Toledo*, 63 F.Supp.2d 834, 837 n.3 (N.D. Ohio 1999) ("Open ended regulatory and permit requirements, such as broad narrative discharge limitations, have been upheld by courts despite similar claims of lack of enforceability or fear of abuse by citizen group plaintiffs.")

It should be noted that *Helter* relies solely on *Satterfield* for its holding that general nuisance standards are unenforceable. 1997 U.S. Dist. LEXIS at *20. In turn, *Satterfield* relied in part on *Northwest Envtl. Advocates v. City of Portland*, 11 F.3d 900 (9th Cir.1993), which was vacated by the Ninth Circuit in light of the Supreme Court's decision in *Jefferson County*. 56 F.3d at 981. As such, both the holdings in *Helter* and *Satterfield* are questionable. *But see Paper, Allied-Indus., Chemical and Energy Workers Intern. Union*, 2005 WL 1389431, *14 (W.D.Okla. 2005) (finding *Helter* and *Satterfield* persuasive, and concluding that Supreme Court's decision in *PUD No. 1 v. Washington Dep't of Ecology* does not require a different result). However, given this Court's earlier ruling on O.A.C. § 3745-15-07, this Court finds that Plaintiff's citizen suit may not be maintained to enforce such non-objective standards. Therefore, Defendant's Motion to Dismiss Plaintiff's claim based on violations of O.A.C. § 3745-15-07 is GRANTED.

Finally, the Court finds that O.A.C. § 3745-15-06 does contain objective standards which are enforceable through a citizen suit. In particular, O.A.C. § 3745-15-06(B)(1) requires that malfunctions of air pollution control equipment are to be reported immediately to the Ohio EPA. Therefore, Defendant's Motion to Dismiss Plaintiff's claim based on violations of O.A.C. § 3745-15-06 is DENIED.

7

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED in PART and DENIED in PART**:

1.    Defendant's Motion to Dismiss is GRANTED to the extent that Plaintiff's CAA claims are based on events before January 17, 2000;

2.    Defendant's Motion to Dismiss is GRANTED to the extent that Plaintiff's claim in Count I is based upon violations of Defendant's Title V permit occurring before January 3, 2005;

3.    Defendant's Motion to Dismiss Plaintiff's claim based on violations of O.A.C. § 3745-15-07 (Count III) is GRANTED; and

4.    Defendant's Motion to Dismiss Plaintiff's claim based on violations of O.A.C. § 3745-15-06 is DENIED.

**SO ORDERED.**

_____**/s/ Michael H. Watson**_____
Michael H. Watson, Judge
United States District Court

8